the action of ejectment would afford a full and adequate remedy." In that case the residuary clause of the will placed all property not specifically devised or bequeathed under the control of trustees, and it became a serious question whether, as to a certain farm, there was a devise in fee or only for life, and whether there was not a remainder which should go into the residuary estate. The action was brought by a devisee, or the heirs of a devisee, interested in the residuary estate, for a construction of the will, and the court held that the action could not be maintained, though there was serious doubt as to the meaning of the will, for the reason that the remedy at law through ejectment was adequate.

All the phases of the complaint, as interpreted by the prayer for relief, were before the learned trial court on the motion to dismiss the complaint. The will was a part of the complaint, and only lega' propositions based upon the provisions of the will were or could have been considered, and no evidence which could have been offered by the plaintiff could alter or change in any way these legal propositions. It was obvious, as I think, that in no aspect of the facts alleged, or of the relief sought, could the action be maintained, and the complaint was therefore properly dismissed.

The costs in an equity action being discretionary, we do not think there was any sufficient abuse of discretion to warrant reversal on that ground. Each of the defendants to whom costs were allowed answered separately, and each had an interest to defend.

The judgment appealed from should be affirmed, with costs. All concur.

---

(75 App. Div. 576.)

### In re GOULD, County Treasurer.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. TAXATION—SUPPLEMENTARY PROCEEDINGS—NEW YORK COUNTY.

　　Tax Law 1896, § 259, providing, if a tax exceeding $10, levied against a person or corporation, is returned by the proper collector uncollected for want of personal property out of which to collect it, the supervisor of the town or ward, or the county treasurer, or president of the village, may apply to the court for the institution of proceedings supplementary to execution, as on a judgment docketed in such county for the purpose of collecting the tax, is applicable to taxes levied in the county of New York, not being inconsistent with the provisions of the charter of Greater New York for collection of personal taxes by distress and sale and by action.

Appeal from special term, New York county.

In the matter of the application of Elgin R. L. Gould, county treasurer, for an order examining the Kossuth-Marx Jewelry Company, Limited, in supplementary proceedings for collection of a tax. From an order denying a motion of said company to set aside an order requiring it to appear and be examined concerning its property, and enjoining it from transferring or interfering with its property not exempt from execution till the further order of the court, it appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

A. S. Gilbert, for appellant.
Martin Saxe, for respondent.

LAUGHLIN, J. The question presented by this appeal is whether section 259 of the tax law, which authorizes supplementary proceedings for the collection of a tax exceeding $10 in amount, levied against a person or corporation and returned uncollected for want of personal property out of which to collect it, is applicable to taxes levied in the county of New York. The provisions of this section, so far as material to the determination of the question, are as follows:

"If a tax exceeding ten dollars in amount levied against a person or corporation is returned by the proper collector uncollected for want of personal property out of which to collect the same, the supervisor of the town or ward, or the county treasurer or president of the village, if it is a village tax, may, within one year thereafter, apply to the court for the institution of proceedings supplementary to execution, as upon a judgment docketed in such county for the purpose of collecting such tax and fees, with interest thereon from the fifteenth day of February after the levy thereof."

The application for the order was made in due form by the chamberlain of the city of New York, claiming to act as county treasurer. The appellant contends that the remedies prescribed in the charter of Greater New York for the collection of personal taxes are exclusive, and that the general law is inapplicable. The tax, amounting to $1,005, was duly levied for the year 1898, and a warrant for its collection was duly issued by the receiver of taxes to one of the marshals, who, on September 1, 1901, returned the warrant uncollected for want of personal property out of which to collect the same.

At the time this tax was levied, and now, the general tax law provided two remedies for the collection of personal taxes, viz.: (1) Distress and sale by the collector (section 71, Tax Law); and (2) supplementary proceedings under section 259, herein quoted,—and the charter of Greater New York prescribed three remedies, viz.: (1) Distress and sale by the marshal; (2) an action by the receiver of taxes in the name of the city for its collection on and after the 15th day of January of the year succeeding that in which the tax was imposed; and (3) by a proceeding in the nature of a contempt proceeding, whereby, on the application of the receiver of taxes, to be made within one year after the return, and showing that he has reason to believe that the person taxed has "debts, credits, choses in action, or other personal property not taxed elsewhere in this state and upon which the levy cannot be made according to law," the supreme court was authorized to impose a fine sufficient to pay the tax, the expenses of the proceeding, and $10 costs. Sections 926 to 936 inclusive, Charter of Greater New York. Prior to the year 1842, the method of collecting personal taxes was prescribed by the Revised Statutes (part 1, tit. 3, c. 13), and was limited to distress and sale. In that year the legislature enacted a general law prescribing an additional remedy by contempt proceedings, and made the provisions of the Revised Statutes with reference to proceedings for

contempt both by order to show cause and by judgment applicable. Chapter 318, Laws 1842; part 3, tit. 13, c. 8, Rev. St. The first local law to which our attention has been directed regulating the collection of either real or personal taxes is chapter 230 of the Laws of 1843, which related to taxes levied in the city of New York. It was, in effect, a re-enactment of the provisions of the Revised Statutes with reference to the collection by distress and sale, and which it expressly declared should not be applicable to the city of New York. It also provided for an application to the court to enforce payment of taxes by the imposition of a fine upon the delinquent, without expressly prescribing the procedure or expressly making the provisions of the Revised Statutes relating to contempt proceedings applicable, as had been done in the, general law.

It was evidently intended that the provisions of the general law on this subject, to which reference has been made, should be followed; for they were not expressly declared inapplicable, and without them the procedure was incomplete. So far as material to our inquiry, both the general and local law remained in this condition until 1867. By chapter 334 of the Laws of that year, the legislature created in the department of finance a bureau for the collection of personal taxes, and authorized the court to dismiss a proceeding instituted for the collection of a tax by fine, upon its appearing that the delinquent was unable to pay the tax. This law also gave a further remedy by action similar to that now contained in the charter. At the same session, the legislature enacted the first law authorizing supplementary proceedings for the collection of personal taxes. Chapter 361, Laws 1867. This is entitled "An act authorizing supplementary proceedings for the collection of taxes." It provided that when a tax exceeding $10, levied by any board of supervisors against a resident of the county, was returned "by a collector to the county treasurer uncollected," the supervisor of the town or county treasurer might, within one year thereafter, institute proceedings in the county court for the collection thereof similar to proceedings supplementary to execution upon a judgment. At that time, and down to 1874, taxes in this city were levied by a board of supervisors. Chapter 302, Laws 1859; Rev. St. pt. 1, c. 13, tit. 3, §§ 31–39; chapter 304, Laws 1874. It refers to taxes "returned by a collector to the county treasurer." At this time the chamberlain of the city of New York was declared to be the county treasurer of the county of New York (Rev. St. pt. 1, c. 12, tit. 2, § 29); but the title of the official who collected the taxes was "receiver," not "collector" (chapter 230, Laws 1843), and the returns of uncollected taxes were made to the bureau for the collection of unpaid personal taxes, and not to the chamberlain as county treasurer (chapter 334, § 3, Laws 1867).

It is unnecessary to decide whether the legislature intended that this general law should be applicable to the city of New York and, if so, whether, on account of these imperfections, it could be given effect. There was no further material change in the general or local laws on this subject until the enactment of the tax law in 1896, except that the section of the Revised Statutes to which reference has been made, declaring the chamberlain the county treasurer, was re-

pealed by the county law in 1892. The consolidation act, however, providing for a salary for the chamberlain (as county treasurer), continued in force and was re-enacted in the Greater New York charter. Section 165, Consolidation Act; chapter 410, Laws 1882. The chamberlain is also deemed the county treasurer for the purpose of receiving court funds. Code Civ. Proc. § 754. It thus appears that the chamberlain, who has instituted this proceeding, has been for many purposes declared the county treasurer. It is further significant that the legislature did not confine the applications for orders supplementary exclusively to county treasurers. It will also be observed that, while the first act authorizing supplementary proceedings for the collection of taxes (chapter 361, Laws 1867) expressly related to taxes "returned by the collector to the county treasurer," the present law authorizing the institution of supplementary proceedings by county treasurers is unqualified by any provision requiring that the return of the uncollected taxes shall be made to him.

The powers formerly exercised by the board of supervisors in levying taxes in this city are now exercised by the board of aldermen. Section 910, Greater New York Charter. Section 259 of the tax law as now framed is in harmony with that statute relating to taxes levied by a board of aldermen; for the limitation contained in the original statute of 1867, which first authorized supplementary proceedings, confining them to taxes levied by the board of supervisors, has been omitted. It will be seen that this section relates to any tax, and makes no reference to the board or body which levied the tax. The contempt proceedings for the collection of taxes throughout the state generally were repealed, and not continued, by the tax law; but they remained in the city charter (sections 930, 931, Greater New York Charter), and were expressly repealed by chapter 466 of the Laws of 1901. Prior to this time, however, the legislature had declared against the policy of enforcing taxes by fine and imprisonment. Chapter 766, Laws 1897, amended by chapter 79, Laws 1898. It is quite likely that the provisions of the charter were repealed by implication by the statutes last cited; for at that time, so far as we have discovered, there was no general law authorizing the enforcement of taxes by proceedings in the nature of contempt proceedings, and supplementary proceedings upon a judgment recovered for taxes were expressly excepted from these acts. This exception must have related to supplementary proceedings upon judgments for taxes recovered under local laws; for there was no general law authorizing such actions. It is also significant that when the legislature expressly repealed sections 930 and 931 of the Greater New York charter, which authorized the collection of personal taxes by proceedings in the nature of contempt proceedings, sections 932–934, relating to proceedings in court for the collection of taxes, and not necessarily confined to contempt proceedings, were not repealed, and still remain in the charter. The fact that the charter contains provisions for the collection of personal taxes by distress and sale, and by action, is no indication that the general law authorizing supplementary proceedings is not also applicable. The remedy by action is not inconsistent with the existence of the remedy by supple-

mentary proceedings. It may well be that the legislature regarded the remedy by supplementary proceedings as fairly adequate in other counties, but inadequate in the county of New York.

While supplementary proceedings are authorized upon the theory that the tax is in the nature of a judgment, yet the personal tax is not a lien upon property, and the remedy by supplementary proceedings would be entirely inadequate to reach property located elsewhere in the state. Proceedings supplementary would be required to be instituted in the county where the taxpayer resides. Very many persons are taxed here for personal property who subsequently change their residence to other parts of the state, or to other states; and likewise a great number of nonresidents of the state are taxed here. The remedy by action would authorize the attachment of property of nonresident taxpayers, and the judgment might be sued over in another jurisdiction, where the taxpayer' resides. It thus appears that the remedy by action might be necessary, even though the remedy by supplementary proceedings existed. The remedy by supplementary proceedings, however, on account of its summary character, would be more adequate and effectual in many cases, if by the examination property were discovered within the jurisdiction of the court. Its transfer could be enjoined, and it could be reached through a receiver and applied in payment of the tax.

It follows, therefore, that the provisions of section 259 of the tax law are applicable to the city of New York, and the order from which the appeal is taken should be affirmed, with $10 costs and disbursements. All concur.