### CITY OF NEW YORK v. HALSEY.

(Supreme Court, Appellate Division, First Department.   May 7, 1909.)

1. PLEADING (§ 121*) — DENIAL — DENIAL OF KNOWLEDGE OR INFORMATION — MATTERS OF PUBLIC RECORD.

   That the allegations of the complaint are as to matters of public record will not necessarily always prevent defendant from putting such allegations in issue by a denial of any knowledge or information thereof sufficient to form a belief, as authorized by Code Civ. Proc. § 500.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 248; Dec. Dig. § 121.*]

2. PLEADING (§ 121*)—DENIAL—INFORMATION AND BELIEF—SUFFICIENCY.

   An averment that defendant has not knowledge sufficient to form a belief as to certain allegations of the complaint, and therefore denies the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

same, is insufficient as a denial upon information and belief; there being no averment as to information.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 244; Dec. Dig. § 121.*]

3. PLEADING (§ 121*)—DENIAL—DENIAL OF KNOWLEDGE.

An averment that defendant has not knowledge sufficient to form a belief as to the allegations of the complaint, and therefore denies them, is insufficient as an averment that defendant had no knowledge or information sufficient to form a belief as to the matters alleged.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 244; Dec. Dig. § 121.*]

4. MUNICIPAL CORPORATIONS (§ 978*)—TAXES—ASSESSMENT—DEFENSES—ESTOPPEL.

That the board of tax commissioners refused to permit defendant to inspect the record of assessed valuation of property during the period it was open for inspection and correction, and afterwards informed him that no valuation of personal property for the purpose of taxation had been made against him, constituted an equitable defense of estoppel to an action by the city of New York to recover personal property taxes levied against defendant, under Greater New York Charter (Laws 1901, p. 395, c. 466) § 934, authorizing the court in which any suit is commenced to enforce a payment of any personal property tax to dismiss the suit where the person taxed has an equitable defense thereto; and that the board of tax commissioners did not act as agents of the city, but as public officers, was immaterial.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 2111; Dec. Dig. § 978.*]

5. MUNICIPAL CORPORATIONS (§ 978*)—TAXES—COLLECTION—DEFENSES.

Tax Law, § 259a, added by Laws 1905, p. 624, c. 348, provided that, when the person against whom a suit or proceedings is brought to collect a personal property tax is unable to pay the tax, or it appears to the court just that it be not paid, it may dismiss such suit or proceedings on payment of costs, etc. *Held,* that the section was applicable to suits and proceedings to enforce personal property taxes throughout the state, so that, in an action by New York City to enforce such a tax, defendant would not be restricted to defenses permitted by Greater New York Charter (Laws 1901, p. 395, c. 466) § 934, authorizing the court in which any suit is commenced to enforce payment of such tax to dismiss the suit where defendant is unable to pay the tax or has an equitable defense.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 2111; Dec. Dig. § 978.*]

6. MUNICIPAL CORPORATIONS (§ 978*) — TAXES — COLLECTION—DEFENSES—ESTOPPEL.

That the board of tax commissioners refused to permit defendant to inspect the record of assessed valuations during the period it was open for inspection and correction, and afterwards informed him that no valuation of personal property had been made against him, constituted a defense to an action by the city of New York to recover personal property taxes levied against defendant, under Tax Law, § 259a, added by Laws 1905, p. 624, c. 348, authorizing the court to dismiss any suit or proceeding to collect personal property taxes, where defendant is unable to pay the tax or it appears just that it be not paid.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 2111; Dec. Dig. § 978.*]

Appeal from Special Term, New York County.

Action by the City of New York against Charles D. Halsey. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before PATTERSON, P. J., and INGRAHAM, Mc-LAUGHLIN, LAUGHLIN, and CLARKE, JJ.

John C. O'Conor, for appellant.

David Rumsey (Frank E. Johnson, Jr., on the brief), for respondent.

LAUGHLIN, J. This action was brought to recover a tax levied against the defendant upon a valuation of personal property in the sum of $25,000, contained in the annual record of assessed valuation of real and personal estate of the borough of Manhattan, in the city of New York, for the year 1906. There is no question but that the proceedings of the board of aldermen in apportioning the amount to be raised by tax against the defendant was regular. The question presented relates to the regularity and binding effect, as against the defendant, of the proceedings of the board of tax commissioners, after the annual record of assessed valuation of real and personal estate was prepared by the deputy tax commissioner. The claim of the defendant is that the city should be deemed to be estopped from enforcing the collection of the tax against him on account of the action of the board of tax commissioners in refusing to permit him, during the period the record was open to inspection and correction in their office, to inspect the same and to swear off any valuation made for the purpose of taxing him, and of their action in informing him that no valuation for the purpose of taxation had been made of personal property as against him.

The allegations of the complaint are doubtless sufficient to establish a cause of action, and it is not clear that the defendant by his answer put any of the material allegations of the complaint in issue. He first admits that the plaintiff is a domestic municipal corporation. Then follows what is claimed to be a denial in the following language:

"This defendant avers that he has not knowledge sufficient to form a belief as to each, all, and every the other allegations as set forth in plaintiff's complaint, and therefore controverts and denies the same."

The remaining part of that part of the answer stated to be a first defense contains an allegation that on the second Monday of January in the year 1906 the defendant was not possessed of any personal estate liable to taxation, and a denial that he was lawfully assessed upon personal property in the sum of $25,000, or any other amount. The opinion of the Court of Appeals in City of New York v. Matthews, 180 N. Y. 42, 72 N. E. 631, contains the following comment with respect to the answer in that action:

"It is frivolous for denying any knowledge or information sufficient to form a belief as to the truth of allegations which relate to matters of public record open by law to public inspection and with knowledge of which the defendant is chargeable by law."

The denial in that case was frivolous; but we do not understand that the Court of Appeals intended that in no case could a party put in issue the allegations with respect to a matter of public record by a

denial of any knowledge or information sufficient to form a belief with respect thereto, which is a form of denial expressly authorized by section 500 of the Code of Civil Procedure. It cannot be that in every case a party is called upon to inspect the public records before answering, and must admit or positively deny an allegation concerning the same. The denial in the case at bar, however, is insufficient as a denial either upon information and belief, or that the defendant has any knowledge or information sufficient to form a belief with respect to the matters alleged. The element of "information" is entirely omitted, and, instead of denying that he has any knowledge, he avers that he has not knowledge. The learned trial court was therefore right in assuming that the answer did not put in issue any of the material allegations of the complaint.

We are of opinion, however that the matters alleged as a second and further defense would, if established, constitute a good defense to the action, and that the court erred in denying the defendant the right to make proof of such facts. The defendant alleges in this part of the answer that after the board of taxes and assessments gave notice that the annual record of assessed valuation of real and personal estate would be open for examination and correction on the second Monday of January, 1906, and would remain open until the 1st day of April thereafter, during which time an application might be made by any person or corporation claiming to be aggrieved by the assessed valuation to have the same corrected, and in the month of March, he attended in person at the office of the commissioners of taxes and assessments specified in the notice for the purpose of examining the record and of making due application to relieve himself of any assessment therein contained for personal property, and demanded of the "commissioners of taxes and assessments" an inspection of the record with that end in view, which demand was refused, and he was unable to inspect the record; that thereafter the "commissioners of taxes and assessments" offered to inspect the record and inform him what assessment, if any, was made against him for personal property therein, and took his name and address; that after such inspection they informed him that no assessment was made against him for personal property in the record, and that he relied on this information; and that on said second Monday of January, in the year 1906, he was not possessed of any personal estate liable to taxation.

The learned counsel for the city contend that this action has been brought under section 936 of the Greater New York charter (Laws 1901, p. 396, c. 466), and that therefore the only defense which is authorized is one specified in section 934 of the charter, which provides as follows:

"The court in which any suit or proceeding may be commenced to enforce the payment of any tax for personal property, may, on motion of either party, dismiss the suit or proceedings absolutely without costs, or conditionally upon the payment of costs, or may, on the facts, in its discretion, dismiss such suit or proceedings on the payment of such part of the tax and costs as shall be just, in any case where it shall be satisfied that the person or persons taxed are unable, for want of property, or other reason, to pay any tax or have an equitable defense to such suit or proceeding."

I am of opinion, for reasons which will be stated presently, that the defendant is not confined to the defense specified in this section; but, if he were, I think that the facts alleged constitute an equitable defense of estoppel to this action. It would be most inequitable and unjust to permit the city to enforce the collection of this tax, if its board of taxes and assessments misled the defendant, to his prejudice, by refusing him the right to inspect the record and to make an application to them, upon which he could have shown that he had no personal property liable to taxation. It may be said that the board of tax commissioners were acting, not as agents of the city, but as public officers. In a sense that is doubtless true; but the city is now claiming the right to enforce this tax by virtue of their action, and it cannot demand that their illegal and unjustifiable acts, which have resulted in a personal tax against the defendant, who was not liable to taxation on personal property at all, must be disregarded by the court.

Moreover, I am of opinion that the provisions of section 259a of the tax law, added by chapter 348, p. 624, of the Laws of 1905, is applicable to this action and available to the defendant. That section provides as follows:

"Sec. 259a. Dismissal of Suits or Proceedings.—Where the person or corporation against whom a proceeding or suit is brought to collect a personal tax in arrears in any town or ward, village, county or city of this state, is unable for want of property to pay the tax in whole or in part, or where for other reasons, upon the facts, it appears to the court just that said tax should not be paid, the court may dismiss such suit or proceeding on the payment of such part of the tax as may be just or on payment of costs."

In Matter of Gould, 75 App. Div. 576, 78 N. Y. Supp. 381, this court held that the provisions of the original section 259 of the tax law (Laws 1896, p. 795, c. 908) was applicable to actions brought by the city of New York to collect a personal tax. The city was then claiming the right to maintain supplementary proceedings under section 259 of the tax law, and we sustained its contention. The tax law relates to both suits and proceedings. The Legislature, I think, intended that section 259a should be applicable alike to suits and proceedings relating to the enforcement of a personal tax. There having been a special provision in the charter for maintaining an action to collect a personal tax, it was not necessary that the city should have recourse to the provisions of the tax law with respect to an action for such purpose; but the charter contained no provision authorizing supplementary proceedings in such cases, and the provisions of the tax law did.

When, therefore, in the light of those statutory provisions and of our decision, the Legislature enacted section 259a of the tax law, I think it intended that the provisions of that added section should apply throughout the state, and that, if they enlarge the right of a defendant in such an action over the rights conferred by section 934 of the Greater New York charter, he is entitled to the benefit thereof; for there can be no distinction in principle between the right to a defense against a personal tax on the part of a taxpayer in one political division of the state over another, and it is not reasonable to infer that the Legislature intended to confer upon the taxpayers of some

counties the right to interpose such a defense to the enforcement of a personal tax and to withhold it from others. Under either statute, I am of opinion that the facts alleged as a defense would, if established, debar the city from maintaining this action.

It follows, therefore, that the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.