774

THE FRANKLIN SAVINGS BANK IN THE CITY OF NEW YORK, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Trial Term, New York County, January 20, 1943.

*William C. Chanler, Corporation Counsel,* for defendant.

*C. Elmer Spedick* for plaintiff.

SCHMUCK, J. Motion to dismiss on the merits granted. Under the circumstances here presented, this application to cancel a tax lien and to inhibit the city from collecting the same cannot be approved inasmuch as the court is unable to discover any injury or prejudice to plaintiff by reason of the city's erroneous bookkeeping.

A *précis* of the relationship between the principals herein indicates that the plaintiff was a mortgagee of premises known as 1059 Lexington avenue, borough of Manhattan. Inability of the owner to carry on led to a foreclosure with the usual result now obtaining, namely, the purchase of the property by the mortgagee, practically as the sole bidder at the sale. As is to be expected, a deficiency judgment was obtained. The trial elicits that the plaintiff watched the tax rolls, payment of taxes and other liens, utilizing an organization created for that purpose. It was also obvious that, in accordance with tried and tested practices, the plaintiff required production of tax receipts at stated periods.

It is conceded that the books of the city show a credit of $847.25 on the second half of 1939–40 taxes. It is evident that this was a mistake as no such payment was made by the owner of the property. Likewise, it is agreed that the defendant did not alter its books so as to amend them of this error until some time after the foreclosure, sale, and purchase by the plaintiff. There can be no doubt that no greater vigilance could have been exercised than was displayed by the plaintiff, and that it relied on the books of defendant in deferring a foreclosure of its mortgage. It was not a matter calling for criticism or condemnation for the bank to delay action, for the condition of the real estate mart then, as it still is, made leniency of this nature not only excusable, but commendable.

Howbeit, the court is here concerned only with the question of determining the propriety of permitting the municipality to collect taxes which never were paid and to do so in the manner provided by law. The decision of this issue does not depend upon, nor is it affected by, the character of the error or the manner in which it was committed. All human frailty is not penalized and will always be disregarded unless an injury or prejudice to an innocent party will thereby be occasioned.

After a thorough search, the court agrees with counsel that no precedent of direct application is discoverable. By analogy, however, guidance is obtained from *Weil* v. *City of New York* (179 App. Div. 80, affd. 223 N. Y. 599 on the opinion below). Indirectly, help is had from *Curnen* v. *The Mayor* (79 N. Y. 511); *Rankin* v. *City of New York* (145 App. Div. 838) and *City of New York* v. *Halsey* (132 App. Div. 192), these being the authorities cited by plaintiff in support of its cause. With the aid thus afforded, the court decrees the principle governing this matter to be that a mistaken credit to a taxpayer will be corrected without loss of any right or priority, unless the correction will actually

prejudice one who properly placed complete reliance on said tax record. Therefore, a *bona fide* purchaser, having no association with the property till the sale, would be entitled to a cancellation of the lien and an estoppel of its enforcement because he necessarily had to put complete reliance on the tax records for any knowledge concerning the amount of taxes due. Such seems to be the intendment of plaintiff's authorities — and no more. If this court reads *Weil* v. *City of New York* (*supra*) correctly, plaintiff cannot be said to have been prejudiced or to have completely relied on the tax records. The mistaken entry did not legally deprive it of its right to foreclose, and, in principle, no equity as mortgagee was deferred much less diminished. For this reason plaintiff's plea must be denied. The court, as a final word, holds that the penalty usually imposed for nonpayment of taxes be condoned.

Submit findings of fact, conclusions of law and judgment accordingly.