In the Matter of JOSEPHINE D. NATELSON, Appellant, against ALMERINDO PORTFOLIO, as Treasurer of the City of New York, Respondent.

Second Department, June 28, 1943.

*Florence K. Dumanis* for appellant.

*Seymour B. Quel* (*Robert H. Schaffer, Acting Corporation Counsel*), for respondent.

*Per Curiam.* The basis of respondent's refusal to issue the certificate was the failure of appellant to comply with certain rules promulgated by respondent pursuant to authority allegedly vested in the Treasurer of the City of New York by section 885 of the New York City Charter. These rules (Rules Relating to Funds in the Court and Trust Fund Division) required appellant to fill out a questionnaire containing some seventeen items. It had to be signed in the presence of a representative of respondent by appellant and her attorney. The application accompanying the questionnaire had to be signed by the attorney and the appellant, acknowledged before a notary public, and the signature and authority of the notary certified by a County Clerk's certificate. The application also required the attorney to state what compensation he was to receive for his services. Appellant failed to state in her application the amount of the fee she was to pay her attorney, and also failed to attach the certificate of the County Clerk attesting the notary's signature. Respondent thereupon refused to issue the certificate and this proceeding was begun.

The Treasurer of the City of New York holds office in a dual capacity. He is the head of the Department of Finance and, as such, is a municipal officer with all the powers and duties

delegated to him by the charter. In his other capacity he is the depository of court and trust funds. (New York City Charter [1938], § 414; Cf. County Law, § 142.) In this latter capacity he is an officer of the court. (*Matter of Gould,* 75 App. Div. 576; Civ. Prac. Act, §§ 134, 136.)

Section 885 of the New York City Charter, so far as pertinent, provides: "Each head of an agency may, except as otherwise provided by law, make rules and regulations for the conduct of his office or department and to carry out its powers and duties." It is apparent that this statute limits the rule-making power of the head of an agency or department and that it means an agency of the city and not an agency of the court. It is the court's function to promulgate rules concerning the withdrawal of court funds. (Civ. Prac. Act, § 137.) Rule 32 of the Rules of Civil Practice seems to have been adopted pursuant to this section. The rules here involved are in conflict with section 66 of the Public Officers Law in that they impinge upon the clear statutory right of the petitioner. (Public Officers Law, § 66; *People ex rel. Stenstrom* v. *Harnett,* 224 App. Div. 127, affd. 249 N. Y. 606.) Subdivision (a) of section 1 of rule 1 of the rules promulgated is in conflict with subdivision 2 of section 105 of the Executive Law. It is apparent that these rules were promulgated to effect a most worthy purpose, but the Treasurer of the City of New York, in his capacity as custodian of moneys deposited in court, is without power to enforce them.

The order should be reversed on the law, without costs, and the application granted, without costs.

CLOSE, P. J., CARSWELL, JOHNSTON, TAYLOR and LEWIS, JJ., concur.

Order reversed on the law, without costs, and the application granted, without costs.