JOSEPH W. DUDLEY *vs.* JAMAICA POND AQUEDUCT CORPORATION.

An aqueduct corporation is not a manufacturing corporation within the meaning of the Gen. Sts. *c.* 11, § 12, *cl.* 2, so as to render the pipes, with their ordinary apparatus of gates, shut-offs, cocks and faucets, which it uses to conduct and distribute water in a town, taxable there as machinery, although in the gate-house adjoining the pond in another town, from which it draws the water, there are chambers and passages fitted with filters and screens to purify the water and keep it free from foreign substances.

CONTRACT to recover the amount of taxes assessed by the city of Roxbury in 1864 and subsequent years on the pipes, with their ordinary apparatus of gates, shut-offs, cocks and faucets, used to conduct and distribute water in that city by the defendant corporation, which was chartered by the St. of 1857, *c.* 135, and drew its water from a pond situated in the town of West Roxbury; reserved by the chief justice for the determination of the full court on agreed facts, the substance of which is stated in the opinion.

*J. W. May*, for the plaintiff.

*A. W. Austin*, for the defendants, was not called upon.

HOAR, J. Upon the agreed statement of facts it appears that the defendants owned no real estate in Roxbury; and it is admitted that the tax which the plaintiff brings this action to recover was assessed upon " machinery " only. The plaintiff, who was the collector of taxes in Roxbury, sues the defendants to recover that tax. There is no question made of the regularity of all the formal proceedings upon which the maintenance of the suit depends, and the question for decision is upon the liability of the defendants to taxation in Roxbury.

The defendants are an aqueduct corporation, taking their water from Jamaica Pond in West Roxbury, and distributing it through pipes arranged with the usual gates, shut-offs, cocks and faucets, in the territory which was the city of Roxbury when the tax was assessed upon them. They had in the town of West Roxbury a gate-house at the pond, where the water passed through chambers and passages provided with filters and screens to purify it and keep it free from foreign substances; and so ar-

ranged with gates that the water could be excluded from some of the chambers, or let into them at pleasure, to give an opportunity to cleanse them.

The general rule is, that the personal property of corporations is made the subject of taxation by the assessment upon the shares of the stockholders. An exception is found in "machinery," which, when employed in any branch of manufactures, is to be taxed where it is situated or employed; and, in assessing the stockholders for their shares in any manufacturing corporation, the real estate and machinery belonging to the corporation is first to be deducted from the value of the shares. Gen. Sts. c. 11, § 12. The same exception is preserved in the St. of 1864, c. 208, §§ 1, 5, 15.

The plaintiff contends that the defendants are a manufacturing corporation within the meaning of the tax acts; and seeks to bring his case within the principles stated in *Commonwealth v. Lowell Gas Light Co.* 12 Allen, 75, in which case it was held that the pipes and meters of a gas company, used for conveying and distributing gas to its customers, were to be regarded as machinery under the provisions of the statute of 1864. But we can see no resemblance between the cases. A gas company is strictly a manufacturing corporation, and comes within the letter as well as the spirit of the act. Instead of sending its manufacture to its customers in packages, or by other vehicles, it distributes it though pipes which are connected with and form a necessary appendage to its works. But an aqueduct company manufactures nothing. Nothing is put into the article which it supplies to change its natural condition, and the whole operation of the waterworks is designed merely to keep foreign substances from mingling with it. It is not so much a manufacturing company as a company is which mines coal and prepares it for market. Neither in a popular nor legal sense is there any such use of the term "manufacturing company" as would include the functions of an aqueduct company, or describe the distribution of pure water as a branch of manufactures.

The suggestion that the property will escape taxation if this action cannot be maintained does not appear to us to be a cor-

rect one; because, if the water pipes are not machinery, their value will not be deducted from the appraisement of the stock of the corporation, and will be included in the valuation of the stock upon which the company is assessed by the state. *Middlesex Railroad Co.* v. *Charlestown,* 8 Allen, 330.

*Judgment for the defendants.*