THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THE NEW YORK FLOATING DRY-DOCK COMPANY, Appellant.

The defendant was incorporated for the purpose, as expressed in its charter, (Chap. 170, Laws of 1843) " of constructing, using and providing one or more dry-docks or wet-docks or other conveniences and structures for building, raising, repairing or coppering vessels and steamers of every description." In an action to recover taxes alleged to be due for the year 1881, under the act of 1880 (Chap. 542, Laws of 1880), *held,* that

defendant was not "a manufacturing corporation" within the meaning of the clause in said act (§ 3) which exempts such corporations from its provisions; and that it was liable to taxation under the act.

(Argued April 23, 1883; decided June 5, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made November 21, 1882, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

The nature of the action and the material facts are stated in the opinion.

*E. N. Taft* for appellant.

*Leslie W. Russell*, attorney-general, for respondent. Defendant was not a manufacturing corporation within the provision of the act of 1880 (Chap. 542, § 3), exempting such corporations from its provisions. (Laws of 1843, chap. 170, § 1; Potter's Dwarris on Statutes, 193.)

MILLER, J. This action was brought to recover the taxes imposed upon defendant under chapter 542 of the Laws of 1880, for the year ending November 1, 1880. Defendant was incorporated under chapter 170 of the Laws of 1843 " for the purpose of constructing, using and providing one or more dry-docks, or wet-docks, or other conveniences and structures for building, raising, repairing and coppering vessels and steamers of every description." The act under which the defendant was incorporated was of a special character, and the specification of the business which the defendant was authorized to carry on, under its charter, which states the general purpose and object of the incorporation, does not bring it within the provision of section 3 of said act of 1880, which exempts manufacturing corporations from its provisions as to taxation. The term, "manufacturing corporation," cannot, we think, be considered as comprehending the business of the defendant, if the

words employed are interpreted according to the common understanding of such language.

While the act provides for the constructing, using and providing one or more dry or wet-docks or other conveniences and structures for the purposes named, its main object evidently is building, raising, repairing and coppering vessels. The principal portion of the work which the corporation is authorized to perform relates to the improvement of vessels which have already been constructed, and not to the construction of the same, and taking all the parts enumerated together they cannot be considered as embraced within the term " manufacturing," and, if regarded separately, we think, they do not come within the definition of the term employed.   According to Webster a manufacturer is one who works raw materials into wares suitable for use.   The constructing, using and providing of one or more docks, as used in the act of 1880, is no more a manufacturing within the meaning of that word than would be the building of warehouses and elevators for the carrying on of the business of warehousemen or the erection of buildings or residences.   If the building of residences could be regarded as coming within the definition of the term " manufacturing," there would be no necessity for the enactment of chapter 117, Laws of 1853, which authorizes the formation of corporations for the erection of buildings.   By this act the legislature gave a construction to the manufacturing law which indicates that it was not regarded as embracing the objects which were thereby provided for.   The same remarks would apply to the act under which the defendant was incorporated.   The legislative interpretation, thus given, is entitled to much weight in construing the act in question.

Considering the object of the act in question, and the purpose for which it was intended, and looking at it in all its bearings, we are brought to the conclusion that it cannot be regarded as incorporating a manufacturing corporation within the true intent and meaning of that term, and that the defendant was liable to pay the tax imposed according to its provisions.

SICKELS — VOL. XLVII.    62

The point made that said act is in violation of the Constitution of the State is disposed of by the recent decision in this court in the case of *People* v. *Home Ins. Co.*\* (See opinion of RUGER, Ch. J.)

Also the point urged that the defendant was not liable for taxes until after November 1, 1881, is fully covered by the opinion of ANDREWS, J., in the case of *People* v. *Spring Valley Hydraulic Gold Company*.†

The question as to the application of the Fourteenth Amendment of the Constitution of the United States is decided adversely to the appellant's claim in the case of *People* v. *Fire Association of Philadelphia*.‡ (See opinion of FINCH, J.)

The judgment should be affirmed.

All concur.

Judgment affirmed.

---

\* *Ante*, p. 328. † *Ante*, p. 383. ‡ *Ante*, p. 311.