THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* THE KNICKERBOCKER ICE COMPANY, APPELLANT.

*Tax upon corporations — an ice company is not a manufacturing corporation — 1880, chap. 542, § 3, as amended by chap. 361 of 1881.*

The defendant was incorporated, under chapter 301 of 1855, for the purpose of "collecting, storing and preserving ice, of preparing it for sale, of transporting it to the city of New York or elsewhere, and of vending the same."

*Held*, that it was not a manufacturing corporation within the meaning of section 3 of chapter 542 of 1880, as amended by chapter 361 of 1881, exempting manufacturing corporations from the taxes imposed by the act.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to recover of the defendant, a domestic corporation, the amount of the taxes claimed to be due from it under the provisions of chapter 542 of 1880, as amended by chapter 361 of 1881.

*Matthew Hale*, for the appellant.

*D. O'Brien*, attorney-general, for the respondent.

BOARDMAN, J :

The judgment appealed from is right unless the defendant is a manufacturing corporation within the meaning of chapter 542 of the Laws of 1880. If it be a manufacturing corporation it is exempt from the tax attempted to be collected in this action.

We think the learned referee was right in deciding that defendant was not a manufacturing corporation and hence was liable for this tax.

The objects for which the defendant corporation was organized, as expressed in its articles of association, "are the collecting, storing and preserving ice, of preparing it for sale, of transporting it to the city of New York or elsewhere and of vending the same." This is not a manufacturing business in any ordinary sense applied to such words. Nor is the business, as actually done, a manufacturing

industry. It is the same as the removal of marl or peat from a bed, of coal from a mine (*Byers* v. *Franklin Coal Co.*, 106 Mass., 131), of water through pipes from a pond. (*Dudley* v. *Jamaica P. A. Co.*, 100 Mass., 183.) Ice is a product of nature and is gathered, preserved and distributed for sale as such natural product. Whatever is done to the natural product is for the convenience of storing, transportation or sale. It does not change its character. It is still ice and it is still raw material. It has undergone no change in its structure. It is plainly not a manufactured article which the defendant stores and sells. (*People* v. *N. Y. Floating Dry Dock Co.*, 92 N. Y., 487.)

The legislature has given an interpretation of the defendant's business by the passage of the act of 1855, chapter 301, under which the defendant was incorporated. By that act a corporation was authorized to be created "for the purpose of collecting, storing and preserving ice," etc. No such legislation was necessary if chapter 40 of the Laws of 1848 provided for such a corporation, because the latter act gave full power and authority for organizing manufacturing companies. Using the language of Judge MILLER, in *People* v. *New York Floating Dry Dock Company* (*ut supra*): " By this act (of 1855) the legislature gave a construction to the manufacturing law, which indicates that it was not regarded as embracing the objects which were thereby (the act of 1848) provided for. The same remarks would apply to the act under which the defendant was incorporated. The legislative interpretation thus given is entitled to much weight in construing the act in question."

For both reasons above given we think the judgment is right and should be affirmed, with costs.

LEARNED, P. J., and BOOKES, J., concurred.

Judgment affirmed, with costs.