Shearer, J.
The question presented requires the construction of sec. 2669 of the Revised Statutes, which provides: “ Sec. 2669. The *8 council of any city, or village may provide by. ordinance for licensing . * * * hawkers, peddlers, * * * and hucksters in the public streets or markets, and in granting such license, may exact and receive such sum of money ,as it may deem reasonable; but nothing in this section shall be construed to authorize any municipal' corporation to require of ‡ * the manufacturer of any article manufactured by him, license to vend or sell in any way, by himself or agent, any such article.”
The claim is made in argument that the allegations of the petition show the defendant in error to be a manufacturer, within the meaning of the above quoted section, and therefore exempt from the payment of a license.
For .a definition of the term “ manufacturer” we are referred to section 2742 Rev. Stats, defining a manufacturer under the tax laws. This section declares “ Every person who shall purchase, receive or hold, personal property of any description, for the purpose of adding to the value thereof by any process of manufacturing, refining, rectifying, or by the combination of different materials, with a view of making a gain or profit by 'so doing, shall be held to be a manufacturer, etc»”
So far as this section may be applicable to this case, it merely declares that any person having personal property the value of which he proposes to enhance by a process of manufacturing shall be held to be a manufacturer. Or, reduced to the last analysis, a manufacturer is a manufacturer. So that we derive no aid from this section in our search for the meaning of the word as used in section 2669. We doubt its applicability in any view. For the objects of the sections are quite different. Section 2669 provides a tariff for protection, the purpose being to exclude non-resident dealers in certain wares from competition with home merchants, while section 2742 was enacted as a revenue law, and arbitrarily defines terms to the end that a large class may be reached and subjected to the burden of taxation, without reference to protection.
We must, therefore, look elsewhere for light.
*9 Webster defines “Manufacturer,” 1. “One who works raw material into wares suitable for use. 2. One who employs workmen for manufacturing;- the owner of a manufactory.” “ Manufacture,” ' “ To make or fabricate from raw material, by the hand, by art or machinery and work into forms.convenient for use, as to manufacture cloth, nails or glass.” “Raw,” is defined, 1. “Not altered from its natural state; not roasted, baked, or boiled; not subdued by heat, as raw meat. 2. Not spun or twisted, as raw cotton. “Meat,” “The flesh of animals used for food.” “ Wares,” “ Goods, commodities, merchandise — the latter not generally including provisions daily sold in the market.”
The same lexicographer defines “Butcher” to be “one who slaughters animals for market; or whose occupation it is to kill animals for the table. The word may, and often does-include the person who cuts and sells meat.”
The defendant in error, with considerable circumlocution, defines himself to be a butcher and a peddler; the latter being “one who' carries about commodities on his back, or in a cart or wagon, and sells them.”
But does he bring himself within the definition of a “ manufacturer?”
It is alleged that he bought cattle and hogs, slaughtered them, and cut up the carcasses into roasts, steaks, etc., for sale to his customers. Was this working up raw material into wares suitable for use ? It would hardly do to say that the steer was raw material, in the -proper sense. When his life was taken, and his hide removed, he was raw, in a sense; and he continued to be raw after he was divided into steaks for sale. “ Raw ” as we have seen means “ not altered from its natural state.” There was no change in the nature of the beef. It was beef, when the steer was killed; it was beef when the carcass was cut up; it was beef and only beef when offered for sale. It was fit for food in any of the forms named. Indeed our forefathers were rather partial to a barbecue. In these days there seems to be a prejudice in favor of roasts and steaks. *10 But it is all beef, and raw beef, until the cook takes charge of it.
It is urged that converting a carcass into steaks is as much manufacturing as the grinding of wheat into flour. We do not think so. Wheat as such is not suitable for food. It must be subjected to the skillful manipulations of the miller and the application of machinery to reduce it to flour. It has then been subjected to a process whereby divers elements of the wheat are eliminated : the commodity has undergone a change, not only of form, but of substance.
In aid of this investigation let us look at some adjudications upon thg question as to what constitutes a manufacturer: as to who is, and who is not, a manufacturer.
In Hartranft v. Weigman, 121 U. S. 609, 615, it was held, that shells cleaned by acid, and then ground upon an. emery-wheel, and some of them .etched afterwards with acid, and all intended to be sold for ornaments, as shells, were not dutiable as manufactures of shells * * * but were exempt from duty as “shells of every description not manufactured.” In the opinion Judge Blatchford, speaking for the court, says: “They were still shells. They had nut been manufactured into a new and different article, having a distinctive name, character or use, from that of a shell. The application oflabor to an article, either by the hand or machinery, does not make the article necessarily a manufactured article within the meaning of the tariff laws. Washing and scouring wool does not make the resulting wool a manufacture of wool. Cleaning and ginning cotton does not make the resulting cotton a manufacture of cotton. Hay pressed in bales, ready for market, was not a manufactured article, though labor had been bestowed in cutting and drying the grass and baling the hay.”
In Hettinger v. Westford, 135 Mass. 262, it was held that cutting and storing ice is not manufacturing; the material is in no way changed or adapted to new and different use.
Byers v. Franklin Coal Co., 106 Mass. 131, decides that a corporation organized for mining coal is not a manufacturing corporation.
Sullivan & Long, for plaintiff in error.
Kerr & Kerr, for defendant in error.
In People v. Dry Dock Company, 92 N. Y. 487, the court of appeals held that a corporation formed for the purpose of constructing, using, and providing dry and wet docks, for building, raising, repairing, or coppering vessels, was not a manufacturing corporation within the moaning of a statute exempting such corporation from its provisions; and that it was liable to taxation.
In Louisiana (34 La. An. 597) it was held that a cooper who made barrels from staves was not a manufacturer. We should not be willing to go so far.
If the authorities above quoted are law, the defendant in error is not a manufacturer. The beef offered for sale by him was not an artificial product of human industry; it had acquii-ed no changed condition as a new and specific combination,, either by the direct action of the human hand; from chemical process devised and directed , by human skill, or by the use of machinery. Andersou Law Dic. 654. As we have said, it was from first to last simply beef.
These views are not in conflict with Engle v. Sohn, 41 Ohio St. 691, where it was held that a person who slaughters hogs, adding to their value by certain processes and by combination with other materials, whereby they are converted into bacon, lard, cured meats, with a view to making a gain or profit, is taxable as a manufacturer. It is obvious, without discussion, that bacon, lard and cured meats, are the result of combination with other materials; of a process involving labor and skill, and that all such commodities are changed from their natural character and condition. Not so with fresh beef.
The defendant in error was not a manufacturer of the commodities offered for sale by him.
Judgment reversed with costs, and cause remanded with instructions to the court below to sustain the demurrer to the petition.