**632**   People ex rel. Post & McCord, Inc., *v*. Cantor.

Supreme Court, September, 1919.   [Vol. 108.

People ex rel. Post & McCord, Incorporated, Relator, *v*. Jacob A. Cantor, Arthur F. Murphy, George Henry Payne, Lewis M. Swazey, Thomas P. Sinnott, Joseph O'Grady and Arthur Williams, as the Commissioners of Taxes and Assessments of the City of New York, Constituting the Board of Taxes and Assessments in the City of New York, Defendants.

(Supreme Court, New York Special Term, September, 1919.)

Assessment and taxation — when application to vacate assessment dismissed — meaning of "manufacturing" or "mercantile" corporation — taxes — contracts — Tax Law, §§ 12, 208 — Laws of 1917, chap. 726.

A corporation engaged in the business of furnishing steel structures erected in place on real property in accordance with the plans and specifications of engineers or architects, is neither a "manufacturing" nor a "mercantile" corporation within the meaning of section 208 of the Tax Law, as added in 1917. The capital of said corporation having been assessed under section 12 of the Tax Law an application to vacate said assessment on the ground that the corporation is a "manufacturing" or "mercantile" corporation and that by chapter 726 of the Laws of 1917 it is required to pay a tax of three per cent on its net income and is exempt from any tax on its personal property or capital, will be dismissed.

Application to vacate tax assessment.

Dixon & Holmes, for relator.

William P. Burr, corporation counsel (Max Salomon, of counsel), for defendants.

Lehman, J. The relator's capital has been assessed by the defendants under section 12 of the Tax Law at

the sum of $100,000. It seeks to have this assessment vacated on the ground that it is a manufacturing or mercantile corporation and that by virtue of the provisions of chapter 726 of the Laws of 1917, adding article 9-a, it is required to pay a tax of three per cent on its net income and is exempt from any tax on its personal property or capital. There is no doubt that the relator can be required to pay only one tax, but apparently the state tax commissioners have decided that it is a mercantile corporation, and as such subject to a tax on its income, while the tax commissioners of the city have decided that it is subject to a tax on its capital. The relator is engaged in the work of furnishing steel structures erected in place in accordance with the plans and specifications of engineers or architects. It furnishes preliminary advice for such specifications, then orders the steel to be fabricated or prepared at the mill and erects it in place. It not only does the work of erecting the steel structures, but furnishes the steel and materials. It now claims that because it purchases the steel from the mill and then transfers title to it when erected it in effect sells the steel, and since the value of the steel is usually more than four times the cost of the labor and overhead expense of erecting the structure, its business must be considered principally that of buying and selling steel, and it is therefore a mercantile corporation. Section 208 of the Tax Law, as added by the Laws of 1917, contains the following definitions: " 3. The term ' manufacturing corporation ' means a corporation principally engaged in the business of manufacturing tangible personal property for itself or for others. 4. The term ' mercantile corporation ' means a corporation principally engaged in the business of buying or selling tangible personal property for itself or for others." It would seem quite clear that the corpora-

tion is not a manufacturing corporation, because the structures which it erects are not " personal " property but are attached to the realty and become part thereof. Obviously, decisions of the bankruptcy courts construing a different statute in which the word " manufacturing " can, through its context, be given a wider definition, have no application to the question before me. It seems to me that similar considerations must lead to the conclusion that the relator is not a mercantile corporation. Its contracts are in various forms, but apparently all the contracts require the relator in substance to furnish the work and materials for the complete erection of steel structures to become attached to the realty. It is true that in order to perform these contracts it must purchase steel, and that the cost of such steel represents the larger part of the price paid upon the contract. It does not, however, sell this steel as personal property, but passes title to the steel merely as part of the contract for the performance of work and the furnishing of materials and through the incorporation of this steel in the realty. In no case could a court construe its contract as a contract for sale and delivery of goods. The contract which in its terms seems most favorable to the relator's contention is a contract for the " construction " of a part of a rapid transit railway. This contract was the largest contract of the relator for the year in which the assessment was laid, and the materials which went into the contract represent approximately eighty-five per cent of the contract price. The relator, however, nowhere expressly or impliedly agreed to sell to the city these materials, but merely agrees to furnish them as part of the work of construction. The relator lays great stress upon the fact that the contract provides for payment of a specified sum when the steel was delivered on the job, but this

fact seems to me immaterial. The contract is not for a lump sum, but for unit prices, payable in certain fixed amounts as the work progresses, and the payment for steel delivered represents one way of measuring the value of the work performed and materials furnished and is evidently for the convenience of the parties, but in nowise detracts from the nature of the contract, as a complete contract for work, labor and materials, and not a divisible contract in part for the sale of materials. The relator is undoubtedly engaged in the business of buying tangible personal property, but such buying is not the principal part of its business, and I cannot find that it is engaged in the business of selling it. Its business is to incorporate the personal property it buys into realty and to supply this personal property as part of its business of furnishing work, labor and materials necessary for complete steel structures. The statute, I think, clearly does not include corporations which are principally engaged in the business of performing building or erection contracts. It follows that the writ must be dismissed.

Writ dismissed.