THE PEOPLE OF THE STATE OF NEW YORK ex rel. TURNER CONSTRUCTION COMPANY, Appellant, *v.* JACOB A. CANTOR and Others, as Commissioners of Taxes and Assessments of the City of New York, Constituting the Board of Taxes and Assessments in the City of New York, Respondents.

First Department, March 4, 1921.

Taxation — corporation engaged principally in business of constructing concrete buildings is not " manufacturing " corporation exempt under Tax Law, article 9-A, section 219-j — statute limited to corporations engaged in manufacture, purchase or sale of personal property.

A corporation which was principally engaged in constructing concrete buildings, including the installation of elevators and sprinklers and the doing of the glazing, roofing, plumbing and electrical work, which did not maintain any shops where the articles used in its business were manufactured, except a small woodworking plant of insignificant proportions, was not a " manufacturing " corporation within the meaning of article 9-A of the Tax Law, as amended in 1918, and, hence, was not exempt from local taxation under section 219-j of said article for the year 1919.

It was the intention of the Legislature to limit said article of the Tax Law to such manufacturing corporations as were engaged in the manufacture of personal property as differentiated from real estate, and those corporations which were engaged in the buying and selling of such manufactured goods.

APPEAL by the relator, Turner Construction Company, from an order of the Supreme Court, made at the New York

Special Term and entered in the office of the clerk of the county of New York on the 21st day of December, 1920, dismissing a writ of certiorari and confirming the assessment of $500,000 for the year 1919 upon the personal property (capital stock and surplus) of the relator.

*Frederick Hulse* of counsel [*Eidlitz & Hulse,* attorneys], for the appellant.

*William H. King* of counsel [*Max Salomon* with him on the brief; *John P. O'Brien, Corporation Counsel*], for the respondents.

GREENBAUM, J.:

The proceedings were instituted to review an assessment of $500,000 on the capital stock of the relator for the year 1919, imposed as of October 1, 1918, pursuant to article 1, section 12, of the Tax Law. The relator claims that the assessment is illegal and void, on the ground that it is a manufacturing corporation within the meaning of article 9-A of the Tax Law, and, therefore, exempt from local taxation under section 219-j of that article. The return denies that the assessment was erroneous, illegal and void. The learned Special Term justice held that the relator was not a manufacturing corporation and did not come within article 9-A of the Tax Law, under the authority of *People ex rel. Post & McCord, Inc.,* v. *Cantor* (108 Misc. Rep. 632; affd., by this court without opinion, 194 App. Div. 961). Both sides agree that if the relator is a, manufacturing corporation within the meaning of article 9-A, then under section 219-j of article 9-A of the Tax Law it was exempt from local assessment for personal taxes for the year 1919, and that the assessment should be canceled.

The evidence is that in the years 1917 and 1918 the relator was principally engaged in the business of constructing concrete buildings, including the installation of elevators and sprinklers and the doing of the glazing, roofing, plumbing and electrical work through subcontractors; that the company did not maintain any shops where any articles used in its business were manufactured, except a small woodworking mill in Brooklyn, where it principally manufactured fire doors, which, however, it is conceded was but an insignificant feature of

its business, and that all of its work of erecting concrete buildings was done on the job at the place where the buildings which it contracted to erect were to be constructed.

Appellant relies upon *Friday* v. *Hall & Kaul Company* (216 U. S. 449, 455), in which the court was called upon to decide whether a corporation engaged in work identical to that of the relator was a manufacturing corporation within the meaning of the United States Bankruptcy Act, which provided *inter alia* that " any corporation engaged principally in manufacturing  *  *  *  may be adjudged an involuntary bankrupt," etc.   (30 U. S. Stat. at Large, 547, § 4, subd. b, as amd. by 32 id. 797, § 3.)*   The court held that the corporation there under consideration was a manufacturing corporation within the contemplation of the Bankruptcy Act, citing various authorities in support of its holding, and in its opinion it stated: " Concrete is an artificial stone.  It is a product resulting from a combination of sand or gravel or broken bits of limestone, with water and cement;  a combination which requires ordinarily the use of both skill and machinery. *  *  *  This concrete had then to be given shape.  That required the manufacture of moulds which remain in place until hardening occurs.  If the concrete is reinforced, as is the case where great strength is required, then the adjustment of the bars of steel within the moulds was another step.  Do all of these steps, each a step in ' manufacturing,' cease to be ' manufacturing ' because the moulds into which the concrete is poured when in a fluid state, are upon the spot where the finished product is to remain?  That the operation of making and shaping the concrete is done at the place used seems rather a matter of convenience, due to the quick hardening in moulds and difficulties of transportation. *  *  *  The business is not identical with that of a mere builder or constructor who puts together the brick, or stone, or wood, or iron, as finished by another.  If the builder made his brick, shaped his timbers, and joined them all together, he would plainly be a manufacturer as well as a builder; and if the former was the principal part of the business, he would be within the definition of the Bankrupt Act."

---

* Since amd. by 36 U. S. Stat. at Large, 839, § 4.— [REP.

216   People ex rel. Turner Construction Co. *v.* Cantor.

First Department, March, 1921.                    [Vol. 196

But assuming that the construction of concrete buildings may be technically considered as a manufacturing operation, it nevertheless is a fact that it is an operation which resulted in producing real property, and not merchandise, which latter is personal property movable and vendible as such. A concrete construction is an immovable mass affixed to the realty and a part thereof. Although the construction of concrete buildings may be an operation of manufacture, it is also a building operation. It by no means follows, however, because the appellant may be a manufacturing corporation under the Bankruptcy Act, that it is such within the meaning of the Tax Law of this State.

Article 1, section 12, of the Tax Law provides for the local taxation of a corporation based upon the assessed value of its capital stock. Article 9-A was added to the Tax Law by the Laws of 1917, chapter 726, and provides for a tax on the income of manufacturing and mercantile corporations. It was amended by the Laws of 1918, chapter 417, section 1, by striking out subdivisions 3 and 4 of section 208 of the Tax Law, as added by the act of 1917, which read as follows:

" 3. The term ' manufacturing corporation ' means a corporation principally engaged in the business of manufacturing tangible personal property for itself or for others;

" 4. The term ' mercantile corporation ' means a corporation principally engaged in the business of buying or selling tangible personal property for itself or for others."

The effect of the amendment which excised subdivisions 3 and 4 was to leave but two definitions under section 208 of article 9-A, the first of which defined the term " corporation " as used in that article, and the second, the term " tangible personal property." Why the Legislature amended section 208 by eliminating subdivisions 3 and 4 does not appear.

But for this amendment, we would have contented ourselves with affirming the order appealed from upon the authority of the *Post & McCord Case (supra)*.

A study of article 9-A reveals that the elimination of the definitions of the terms " manufacturing corporation " and " mercantile corporation " should not change the conclusions which we reached under the former act. That the tax was intended to be limited to corporations engaged in the manu-

facture of goods which are movable and vendible, and to corporations that deal in such manufactured goods, is made quite evident from a reading of section 211 of article 9-A (as amd. by Laws of 1918, chaps. 276, 417), which is entitled, " Reports of corporations to Tax Commission," and provides in subdivision 4 thereof that the report to be filed by these corporations shall embody the following:

" 4. The average monthly value for the fiscal or calendar year of bills and accounts receivable for · (a) personal property sold by the corporation from merchandise manufactured by it within this State; (b) personal property sold by the corporation from merchandise owned by it and located within the State at the time of the acceptance of the order, but not manufactured by it within this State; and (c) services performed, based on all orders received at offices maintained by the corporation within this State, excluding bills and accounts receivable arising from sales made from a stock of merchandise or other property located at a place of business maintained by the reporting corporation within this State. Also the average total monthly value for the fiscal or calendar year of bills and accounts receivable for (a) personal property sold by the corporation from merchandise manufactured by it, within and without the State; (b) personal property sold by the corporation from merchandise owned by it at the time of the acceptance of the order but not manufactured by it; and (c) services performed, based on orders received at offices maintained by the corporation, excluding bills and accounts receivable on orders filled from a stock of merchandise or other property maintained by the reporting company. In case of a corporation organized under the laws of another country a statement shall be made showing its entire net income."

We have thus the clearest evidence of the intention of the Legislature that only such manufacturing corporations as are engaged in the manufacture of personal property as differentiated from real estate, and those corporations which are engaged in the buying and selling of such manufactured goods were intended to be included under the act. The personal property idea underlying this Tax Law is also apparent from the exemption clause, section 219-j (as amd. by Laws of 1918, chap. 271),

which provides that corporations taxable under article 9-A "shall not be assessed on any personal property or capital stock, as provided for in section twelve of this chapter."

It seems to us that the relator, so far as the Tax Law is concerned, is to be regarded simply as a corporation engaged in the construction of buildings. Such a corporation does not come within the provisions of article 9-A. (*People* v. *New York Floating Dry Dock Company*, 92 N. Y. 487.) That was an action to recover taxes imposed under chapter 542 of the Laws of 1880, which contained a section (§ 3) exempting manufacturing corporations from its provisions. A corporation was incorporated for the purpose of constructing dry or wet docks or other conveniences and structures for building, raising, repairing or coppering vessels or steamers of every description. The court held that the corporation was not a manufacturing corporation, and in the course of its opinion stated: "The term 'manufacturing corporation,' cannot, we think, be considered as comprehending the business of the defendant, if the words employed are interpreted according to the common understanding of such language. While the act [of incorporation] provides for the constructing, using and providing one or more dry or wet docks or other conveniences and structures for the purposes named, its main object evidently is building, raising, repairing and coppering vessels. * * * The constructing, using and providing of one or more docks, * * * is no more a manufacturing within the meaning of that word than would be the building of warehouses and elevators for the carrying on of the business of warehousemen or the erection of buildings or residences." It seems to us that the relator is engaged in the business of erecting buildings and is not taxable under article 9-A of the Tax Law (as amd. *supra*). The law applicable here has been since modified by providing for a "franchise tax on business corporations." (See Tax Law, art. 9-A, as since amd. by Laws of 1919, chaps. 138, 628, and Laws of 1920, chaps. 113, 640.)

The final order confirming the assessment should be affirmed, with ten dollars costs and disbursements.

Clarke, P. J., Dowling, Smith and Page, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.