604  People ex rel. Hodkinson Corporation *v.* Cantor.

Supreme Court, November, 1922.                    [Vol. 119

---

People of the State of New York ex rel. W. W. Hodkinson Corporation, Relator, *v.* Jacob A. Cantor and Others, Constituting the Board of Taxes and Assessments in the City of New York, Defendants.

Supreme Court, New York Special Term, October, 1922 (Received November, 1922).

**Taxes — corporation — distributor of motion picture films not a manufacturing or mercantile corporation — no exemption from local taxation — Tax Law, §§ 12, 219-j.**

A corporation which, as a mere incident to its main business of leasing and distributing motion picture films for exhibition purposes, buys and sells slides, lithographs, pictures and other advertising matter, is not exempt under section 219-j of article 9-A of the Tax Law from any local assessments on its personal property or on its capital stock and surplus as provided for in section 12 of the Tax Law.

Such a corporation is neither a "manufacturing" nor "mercantile" corporation, because its articles of incorporation permit it to manufacture or to engage in mercantile pursuits, since the test is what the corporation does, not what it is authorized to do.

Upon certiorari to review an assessment made under section 12 of the Tax Law the fact that relator had paid an assessment on its capital stock assessed by the state tax commission under chapter 726 of the Laws of 1917, as amended by chapter 271 of the Laws of 1918 (Tax Law, art. 9-A), is not entitled to weight in determining the issues herein.

Assessment confirmed and the writ of certiorari dismissed, with costs, to be taxed under section 294 of the Tax Law.

Certiorari to review and cancel as illegal an assessment for taxation made by the defendants under the provisions of section 12 of the Tax Law of the state of New York for the year 1919.

*Powell & Silver (Robert Gibson* and *Henry M. Powell,* of counsel), for relator.

*John P. O'Brien,* corporation counsel (*William H. King, Barrett Carmody* and *Charles E. Lalanne,* of counsel), for defendants.

Giegerich, J. This is a certiorari proceeding to review and cancel as illegal an assessment for taxation of $100,000 on the

personal property of the relator made by the defendants, as commissioners of taxes and assessments of the city of New York, under section 12 of the Tax Law of the state of New York for the year 1919. The evidence discloses that the business carried on by the relator on October 1, 1918, was the renting and distribution of motion pictures for exhibition purposes; that under a contract with the producer of motion pictures the relator was supplied with the negative pictures made by the producer and had made therefrom, at the ultimate expense of the producer, positive prints or copies which it rented and distributed to the various exhibitors thereof and collected the rentals therefor and retained out of the said rentals its commissions and other sums due it for advancements or expense for the production of the positive prints or copies. That along with and incidental to the rental of motion pictures, as aforesaid, the relator dealt in and sold to the exhibitors of its motion pictures, cuts, slides, lithographs and photographs advertising the films dealt in by it. It appears further from the evidence that the relator was assessed by the state tax commission for the period ending October 31, 1919, one mill on capital stock, or $100, under article 9-A of the Tax Law, and that it paid said sum to the comptroller of the state of New York, and that one-third of the said sum was remitted to the chamberlain of the city of New York, as and for the city's share of the said tax. The relator contends that it was, at the time the assessment was made by the defendants, a mercantile corporation subject to taxation by the state tax commission under the provisions of chapter 726 of the Laws of 1917, as amended by chapter 271 of the Laws of 1918 (article 9-A of the Tax Law), and was, therefore, exempt under section 219-j of the said article from any local assessment on its personal property, or on its capital stock and surplus, as provided for in section 12 of the Tax Law. I cannot agree with this contention. The assessment of the tax by the state tax commissioners under article 9-A of the Tax Law and the payment thereof by the relator have no weight in determining the issues involved in this proceeding (*People ex rel. Post & McCord, Inc.,* v. *Cantor,* 108 Misc. Rep. 632; affd., 194 App. Div. 961; 231 N. Y. 552; *People ex rel. Turner Const. Co.* v. *Cantor,* 196 App. Div. 213; affd., 231 N. Y. 610), nor is there any merit in the argument advanced by the relator that the enactment of chapter 417 of the Laws of 1918, made article 9-A of the Tax Law applicable to all corporations, for it was expressly held in the *Turner Case, supra,* that the elimination of the definitions of the terms " manufacturing corporation " and " mercantile corporation " from said article of the Tax Law did not change its application to those classes of cor-

porations. I am similarly unimpressed with the argument that the relator is a manufacturing or mercantile corporation because its certificate of incorporation permits it to manufacture or to engage in mercantile pursuits, since the test is what the company actually does, not what it is authorized to do. *Matter of Quimby Freight Forwarding Co.*, 121 Fed. Rep. 139; *Matter of Kingston Realty Co.*, 160 id. 445. This leaves but one question for determination, namely, whether the relator was, on October 1, 1918, a mercantile corporation. The word " mercantile " in its ordinary acceptation pertains to the business of merchants and has to do with trade, or the buying or selling of commodities (5 Words & Phrases, 4477–4482; *Matter of Cameron Town Mut. Fire, Lighting & W. Ins. Co.*, 96 Fed. Rep. 756) and a mercantile corporation is one which buys and sells goods and merchandise or deals in the purchase and sale of commodities, and that, too, not occasionally or incidentally but as a business. *Matter of Kingston Realty Co., supra; Matter of New York & W. Water Co.*, 98 Fed. Rep. 711, 713. In this case the relator did not buy and sell goods and commodities, nor did it sell outright the motion picture films, but merely leased them, and a corporation which leases moving picture films is not engaged in trading (*Matter of Imperial Film Exchange*, 198 Fed. Rep. 80), which in that case is defined as buying merchandise of goods and chattels for the purpose of selling them again at a profit. It is true that the relator is engaged in the business of buying and selling slides, lithographs, pictures and other advertising matter, but such buying and selling are merely incidental to its business, which in the main is the leasing of motion picture films, and such buying and selling do not serve to make it a mercantile corporation. *People ex rel. Post & McCord, Inc.*, v. *Cantor, supra; People* v. *N. Y. Floating Dry Dock Co.*, 92 N. Y. 487; *Matter of New York & W. Water Co., supra.* For the reasons above stated the assessment should be confirmed and the writ of certiorari dismissed, with costs to the defendants to be taxed under section 294 of the Tax Law. The requests for findings of the respective parties have been passed upon as indicated on the margins thereof. Submit for my signature, on notice, a decision embodying, without change of language, all findings made by me. The papers so far received by me, including stenographer's minutes, exhibits, briefs and filed papers, have been returned to the clerk, to whom all further papers are to be handed in, with proof of service.

Ordered accordingly.