THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE
   BUTTERICK COMPANY, Respondent, *v.* JOHN F. GIL-
   CHRIST et al., Constituting the State Tax Commission
   of the State of New York, Appellants.

*Tax — franchise tax — when corporation not doing business within
   State within meaning of statute imposing franchise tax.*

   *People ex rel. Butterick Co.* v. *Gilchrist,* 213 App. Div. 533,
affirmed.

   (Argued November 25, 1925; decided December 15, 1925.)

   APPEAL from an order of the Appellate Division of the
Supreme Court in the third judicial department, entered
July 10, 1925, which annulled, on certiorari, a determi-
nation of the State Tax Commission, made upon the
relator's application for revision and resettlement of its
account for franchise taxes assessed under section 182
of the Tax Law for the years 1906 to 1916 inclusive.
The relator was incorporated under the laws of this
State and maintained an office in this State where its
meetings were held, but it transacted no business except
to receive the income from the dividends upon the stock
and interest upon the bonds of its subsidiary corporations
in which stocks and bonds its entire capital was invested.
This income was deposited in a bank in the city of New
York and distributed to its stockholders. It had no
other funds in bank. No business of any nature whatever
was done outside of the State. The relator owned no
real or tangible personal property within the State and
had no employees and no payrolls. Its officers received
no salary. Its office was a nominal one and it paid no
office rent. It never participated in the manufacture and
sale of any of the articles as authorized by its certificate
of incorporation, although some of its subsidiary cor-
porations were engaged in such business, but during the
years in question it appeared that the relator on several
occasions indorsed notes for two of its subsidiaries. The
Tax Commission held that such acts of loaning credit
constituted the doing of business within the State.

*Albert Ottinger, Attorney-General (Wendell P. Brown and C. T. Dawes* of counsel), for appellants.

*Herbert Noble* and *Howard Seay* for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

In the Matter of the Claim of FRED SCHEUNEMANN, Respondent, against NATIONAL ANILINE AND CHEMICAL COMPANY et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — master and servant — failure to file claim within year — running of statute suspended by advance payments.*

*Scheunemann* v. *Nat. Aniline & Chem. Co.*, 214 App. Div. 832, affirmed.

(Argued November 25, 1925; decided December 15, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered July 27, 1925, affirming an award of the State Industrial Board made under the Workmen's Compensation Law. Objections were raised that the findings and conclusions of the State Industrial Board were contrary to the evidence, and that under section 28 of the statute the award was improper because claimant failed to file a claim within one year after the accident. Claimant contended that advance payments on account of compensation suspended the running of the statute.

*Clarence B. Tippett* for appellants.

*Albert Ottinger, Attorney-General (Oliver B. James* of counsel), for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.