CITY OF NEW YORK, Respondent, *v.* W. W. HODKINSON COR-
PORATION, Appellant.

First Department, November 5, 1926.

Taxation — action by city of New York to recover taxes on personal property of defendant corporation — defendant claimed exemption under Tax Law, §§ 12 and 219-j, on ground that 'it was mercantile corporation but was unsuccessful in certiorari proceedings — defendant alleges as defense that it filed proper affidavit with department of taxes and assessments showing that it did not own amount of personal property assessed and owned not more than $5,000 — defendant also alleges agreement with deputy in corporation bureau of tax department giving it opportunity to contest valuation in case it should be held not exempt under Tax Law — defense alleged is within Greater New York Charter, § 934, and Tax Law, § 301 — such defense constitutes valid equitable defense — error to strike out defense.

This action is brought by the city of New York to recover taxes based on assessment of personal property against the defendant corporation. The defendant claimed to be exempt from local taxation by virtue of sections 12 and 219-j of the Tax Law, in that it was a manufacturing or mercantile corporation, but in certiorari proceedings it was decided that the defendant was not a manufacturing or mercantile corporation within the meaning of those sections

exempting it from local assessment and the assessments were confirmed. The defense interposed by the defendant as a separate and partial defense alleges that the assessment of $100,000 was without any warrant or basis of fact, that the defendant had less than $5,000 of taxable personal property, and within the proper time filed a statement with the department of taxes and assessments in which it notified that department of the error and also filed the affidavit required; that the defendant through its attorney had an agreement with a deputy in the corporation bureau of the tax department that in case it was decided in a certiorari proceeding that the defendant was not exempt, it would be given an opportunity to prove the actual value of its taxable personal property, and that it was thereafter assessed in the full amount without any opportunity of filing a supplemental statement or affidavit as to the amount of its taxable personal property and was prevented from questioning the amount of the assessment.

The facts set up in the separate and partial defense if established would bring the defendant within the provisions of section 934 of the Greater New York Charter and of section 301 of the Tax Law authorizing the dismissal of proceedings if the court is satisfied that the taxes on personal property cannot be paid, and, therefore, it was error for the court to strike out said defense.

Furthermore, if defendant is able to establish the alleged agreement between it and the deputy in the corporation bureau of the tax department, then in equity the defendant should be given an opportunity to show that the assessment against it was excessive and to what extent, and such defense constitutes a valid, equitable defense in whole or in part to this action, to the extent of allowing the defendant to show the amount of personal property actually owned by it and subject to assessment.

APPEAL by the defendant, W. W. Hodkinson Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of February, 1924, granting plaintiff's motion to strike out defendant's separate and partial defense.

*Henry M. Powell* of counsel [*Reginald F. Isaacs* and *B. Leo Schwarz* with him on the brief], for the appellant.

*William H. King* of counsel [*Isaac Phillips* with him on the brief; *George P. Nicholson, Corporation Counsel*], for the respondent.

DOWLING, J. This action was brought by the plaintiff to recover the sum of $2,320 with interest at the rate of seven per cent per annum from the 1st day of May, 1920, for taxes based upon an assessment for the year 1919 of $100,000 upon the personal property (capital and surplus) of the defendant, a resident of the city of New York.

While the books were open for correction between October 1, 1918, and November 30, 1918, the defendant filed an application for cancellation of the assessment on the ground that it was a manufacturing or mercantile corporation, and as such, subject to taxation by the State Tax Commission under the provisions of chapter 726 of the Laws of 1917, as amended by chapter 417 of the Laws

of 1918 (Tax Law, art. 9-A), and was, therefore, exempt under section 219-j of that article from any local assessment on its personal property, or on its capital stock and surplus, as provided for in section 12 of the Tax Law.

No claim was made in such application that the assessment in the sum of $100,000 was excessive.

After due consideration of the application the tax commissioners concluded that the defendant herein was not a manufacturing or mercantile corporation and, therefore, was not exempt from personal taxation, and confirmed the assessment.

The defendant herein then instituted a certiorari proceeding alleging in its petition for the writ that the assessment was illegal and specifying as the illegality that it is a manufacturing and mercantile corporation within the meaning of article 9-A of the Tax Law, and by reason of its assessment thereunder was exempt from local taxation on its personal property.

The return of the tax commissioners denied these allegations.

The certiorari proceeding came on for trial at Special Term where it was decided upon the evidence that the defendant was not a manufacturing or mercantile corporation included within the provisions of article 9-A of the Tax Law, nor was it entitled to exemption from local assessment by section 219-j of that article (as amd. by Laws of 1918, chap. 271), and the writ was dismissed and the assessment confirmed. (*People ex rel. Hodkinson Corp.* v. *Cantor*, 119 Misc. 604.)

The defendant then appealed from the order entered therein to this court which unanimously affirmed such order. (206 App. Div. 698.) Subsequently motions for leave to appeal to the Court of Appeals were made to this court and to the Court of Appeals, which were denied by both courts.

The summons and complaint in this action were served upon the defendant during the pendency of the certiorari proceedings. After such proceeding was finally disposed of the defendant interposed its answer herein.

The answer contained certain denials of the allegations of the complaint, and as a separate and partial defense alleged that the assessment of $100,000 was imposed " without any warrant or basis of fact; " that the defendant had less than $5,000 of taxable personal property subject to taxation on October 1, 1918; that on October 1, 1918, defendant received a printed form of notice from the department of taxes and assessments in which it was notified that it was assessed for $100,000; that there was a statement in said notice that if the cancellation of the assessment was sought on the ground that the corporation was engaged in buying or sell-

ing or manufacturing tangible personal property, it was to use the affidavit on the back of the notice; that defendant by its president, verified this affidavit and filed it with the tax department on or about November 29, 1918; that its attorney explained to the deputy in the corporation bureau of the tax department that the defendant had no taxable personal property of more than $5,000 in value on October 1, 1918, and that it was a manufacturing and mercantile corporation subject to taxation under article 9-A and not subject to local taxation; that it had already filed a State franchise tax report, upon which defendant was thereafter duly assessed and taxed by the State of New York; that said attorney further stated to said deputy that in the event it should be held to be taxable, it was ready and desired and intended to contest the assessment of $100,000 and to duly file such statement and affidavit as required by law to prove that defendant had less than $5,000 in taxable personal property, so as to relieve the defendant from the payment thereof; that it was thereupon understood that in case the defendant corporation was held not to be a manufacturing or mercantile corporation and hence was subject to local taxation, it would be given an opportunity to file a supplemental statement in which it might set forth the correct amount of its taxable personal property, and that the defendant relied upon such understanding.

It was further alleged in said partial and separate defense that thereafter the defendant was held liable for taxation as a non-business corporation; that an assessment of $100,000 was imposed upon it; that no notice was given to defendant or opportunity presented to file a supplemental statement or affidavit as to the amount of its taxable personal property, and that the defendant was thereby prevented from questioning the amount thereof.

The defense then sets forth that if defendant is held for the assessment herein of $100,000 it will be obliged to pay a double tax, having already paid the State franchise tax referred to herein, of which the plaintiff received its share, and, in addition to the said franchise tax, it will be obliged to pay a personal tax on more than twenty times the amount of its taxable personal property for the year in question.

It, therefore, prays that the court will dismiss the action on payment of such part of the tax herein as would be commensurate with an assessment made on the actual value of its taxable personal property on October 1, 1918, or as may be equitable and just.

It seems to me that the facts set up in the separate defense as hereinbefore summarized, if established by satisfactory proof upon the trial of this action, would bring the defendant herein within the provisions of section 934 of the Greater New York Charter (Laws

of 1901, chap. 466, as amd. by Laws of 1904, chap. 624) and of section 301 of the Tax Law (as amd. by Laws of 1909, chap. 374). The former provides as follows: "Court to dismiss proceedings if satisfied that taxes on personal property cannot be paid. * * * The court in which any suit or proceeding may be commenced to enforce the payment of any tax for personal property, may, on motion of either party, dismiss the suit or proceedings absolutely without costs, or conditionally, upon the payment of costs, or may, on the facts, in its discretion, dismiss such suit or proceedings on the payment of such part of the tax and costs as shall be just, in any case where it shall be satisfied that the person or persons taxed are unable, for want of property, or other reason, to pay any tax or have an equitable defense to such suit or proceeding. * * *."

Section 301 of the Tax Law provides as follows: "Dismissal of suits or proceedings. Where the person or corporation against whom a proceeding or suit is brought to collect a personal tax in arrears is unable for want of property to pay the tax in whole or in part, or where for other reasons upon the facts as they existed either before or after the assessment was made it appears to the court just that said tax should not be paid, the court may dismiss such suit or proceeding absolutely, without costs, or on payment of such part of the tax as may be just or on payment of costs, and may direct the cancellation or reduction of the tax."

Without unduly extending the scope of these remedial provisions, it may well be held in the present case that if defendant is able to establish to the satisfaction of the trial court that in fact an understanding was arrived at between a deputy tax commissioner and defendant's attorney by which it was mutually agreed that in case the defendant was defeated in its effort to be classified as a manufacturing or mercantile corporation, it would be given an opportunity to file a supplemental statement setting forth the correct amount of its taxable personal property, then in equity defendant should be given such an opportunity to show that the assessment against it was excessive, and to what extent. This holding is based on the theory, fairly deducible from the pleading, that the understanding with the deputy therein referred to was in effect an agreement made by both sides, in which the deputy concurred, and was not merely the conclusion or surmise of defendant's attorney as to what the deputy's conversation with him meant.

That such a defense, when established by proof, constitutes a valid equitable defense in whole or in part to this action, to the extent of allowing it to show the amount of personal property actually owned by it and subject to assessment, is supported by the opinion of Mr. Justice LAUGHLIN, in *City of New York* v. *Halsey*

(132 App. Div. 192) wherein he said (at p. 195): " I am of opinion, for reasons which will be stated presently, that the defendant is not confined to the defense specified in this section [Greater New York Charter, § 934, as amd. *supra*], but if he were, I think that the facts alleged constitute an equitable defense of estoppel to this action. It would be most inequitable and unjust to permit the city to enforce the collection of this tax if its board of taxes and assessments misled the defendant to his prejudice, by refusing him the right to inspect the record and to make an application to them, upon which he could have shown that he had no personal property liable to taxation. It may be said that the board of tax commissioners were acting, not as agents of the city but as public officers. In a sense that is doubtless true, but the city is now claiming the right to enforce this tax by virtue of their action, and it cannot demand that their illegal and unjustifiable acts, which have resulted in a personal tax against the defendant, who was not liable to taxation on personal property at all, must be disregarded by the court."

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., FINCH, MCAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.