THE MORTGAGE CORPORATION OF NEW YORK, Plaintiff, *v.* MARK GRAVES and Others, Constituting the State Tax Commission of the State of New York, Defendants.

Third Department, July 2, 1941.

*Hughes, Richards, Hubbard & Ewing* [*Curtiss Ely Frank* and *Richard B. Darragh* of counsel], for the plaintiff.

*John J. Bennett, Jr., Attorney-General* [*Wendell P. Brown, Assistant Attorney-General,* of counsel], for the defendants.

SCHENCK, J. This is a submission of controversy on an agreed statement of facts under sections 546–548 of the Civil Practice Act. The question is whether plaintiff corporation is taxable under section 187 of the Tax Law or under article 9-A of the Tax Law. If taxable under section 187, the corporation would pay taxes based only upon receipts from insurance premiums on policies issued. If taxable under article 9-A, the tax would be based upon net income earned by the corporation from ordinary business activities.

The plaintiff was incorporated on August 2, 1933, under the provisions of former article 5 of the Insurance Law. Under regulations and rules promulgated by the Superintendent of Insurance and pursuant to restrictive legislation, however, the corporation has never issued any policy of insurance or title guaranty and has never been in receipt of any insurance premiums. Although the corporation was incorporated under the Insurance Law to issue such policies of insurance and title guaranty, all that it has actually done is to engage in the business of servicing mortgages, investing in and buying and selling bonds and mortgages, and originating and selling mortgage loans.

The Tax Commission contends that the net income from the foregoing businesses actually engaged in by the plaintiff corporation should form the basis for assessment of franchise taxes under article 9-A in the same manner as corporations organized under the Stock Corporation Law or the Banking Law. The corporation takes the position that it is taxable under section 187 on the theory that its purpose of incorporation and grant of authority is as an insurance corporation, which should pay taxes only upon premium receipts.

During the period involved herein section 209 of the Tax Law assessed franchise taxes based upon the net income of a corporation for the preceding year. Section 210 exempts from such taxation corporations liable to tax under certain sections of the Tax Law, including section 187. The question, therefore, is whether or not plaintiff corporation is covered by section 187 so as to be exempt from the provisions of section 209.

Paragraph 6 of section 187 defines what is meant by an " insurance corporation " so as to bring it within the said section, and exempt it from section 209. The paragraph provides:

" 6. The term ' insurance corporation,' as used in this article, shall include a corporation, association, joint-stock company or association, person, society, aggregation or partnership, by whatever name known, doing an insurance business in this State.  *  *  * "

While section 187 was changed during part of the period involved herein, it has always contained the foregoing definition, and the provisions which have been altered from time to time have no effect on the controversy herein.

An examination of the language of the definition reveals that an " insurance corporation," to come within the provisions of section 187, must be " doing an insurance business in this State." This language is unequivocal and there is nothing in plaintiff's argument to change the clear meaning of the word. A corporation to be exempt from taxation under section 209 of article 9-A must actually do insurance business here. It is not sufficient that a corporation be empowered to do such business. It is necessary that it actually be engaged in such business. This corporation was not engaged in the insurance business and so does not come under section 187.

The construction urged by the plaintiff is not in accordance with the settled law upon highly analogous points. The cases cited by plaintiff are, furthermore, distinguished factually from the case at bar. For example, in *Matter of DePeyster* (210 N. Y. 216) a corporation was permitted exemption from tax under a provision exempting " corporations organized exclusively for bible or tract purposes." Similarly, exemptions in *Matter of Watson* (171 N. Y. 256) and *People ex rel. N. Y. & A. L. Co.* v. *Cantor* (239 id. 64) were granted by law to corporations " formed " and " organized " for certain purposes.

In the instant case the exemption is given to corporations " *doing* an insurance business in this State." That this means that only corporations actually *doing* business, regardless of the purpose of organization, are subject to section 187 is supported by adequate authority even if the language of the statute were sufficiently ambiguous to require interpretation. (See *People ex rel. Goodwin Sand & Gravel Co.* v. *Law*, 207 App. Div. 567; *People ex rel. Butterick*

*Co.* v. *Gilchrist,* 213 id. 533, at pp. 536, 537; affd., 241 N. Y. 591; *People ex rel. Hodkinson Corporation* v. *Cantor,* 119 Misc. 604; affd., 206 App. Div. 698.)

If the rule were otherwise this corporation would not only escape taxation itself but the door would be open to a great field of corporate tax evasion. A sharp practitioner could organize an " insurance " corporation and then deliberately keep it out of the insurance business but engaged in other businesses.

Judgment should be entered declaring plaintiff is and has been since incorporation taxable under article 9-A of the Tax Law. The submitted controversy provides that there shall be no costs.

HILL, P. J., CRAPSER, BLISS and FOSTER, JJ., concur.

Judgment may be entered declaring plaintiff is and has been since incorporation taxable under article 9-A of the Tax Law.